IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARCHIBALD SABRINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-2798-SMY |
| | ) |
| CAPITAL ONE FINANCIAL | ) |
| CORPORATION, and RICHARD D. | ) |
| FAIRBANK, | ) |
| | ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Archibald Sabrina filed this *pro se* action against Capital One Financial Corporation ("Capital One") and Richard D. Fairbank (Doc. 3). Following dismissal of the original Complaint, Plaintiff filed an Amended Complaint (Doc. 8) and Memorandum (Doc. 9). Now before the Court is Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 19), which Plaintiff opposes (Doc. 23). For the following reasons, Defendants' motion is **GRANTED**.

### Discussion

Plaintiff makes the following allegations in the Amended Complaint:

> "Capital One Financial Corporation (also doing business as Capital One) has violated federal laws, acts and statutes passed by Congress which governs civil rights, consumer rights, all applications, securities, commerce, credit reporting and bills of exchange. Capital One has prohibited me from utilizing the application/endorsed bill as collateral security which is security fraud. The Federal legislation that governs my civil rights is the Civil Rights Act of 1964. My federally protected civil right that was violated under 42 USC 1983 which calls for civil action because of deprivation of rights, is the right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, without discrimination or segregation. My

rights as a consumer were violated under the Fair Debt Collection Practices Act, Federal Trade Commission Act, Fair Credit Reporting Act, Federal Reserve Act, Securities Exchange Act, and Bills of Exchange Act…Capital One has breached their fiduciary duties resulting in a breach of contract which shall be regulated by Civil Money Penalties…This case involves equity and deserves equitable relief."

(Doc. 8 at p. 5).

Plaintiff's request for relief includes compensatory damages of $45,490.97 and an order requiring certain actions and declarations by Defendants. *Id.* at p. 6.

As an initial matter, Plaintiff's Amended Complaint asserts violations of numerous federal laws which have no private right of action or no application to the facts as stated:

- All claims against Defendant Richard D. Fairbank shall be **DISMISSED WITH PREJUDICE** as there are no claims or allegations made against him. Further, Plaintiff's response acknowledges the naming of the wrong party.

- Plaintiff asserts a claim under the Bills of Exchange Act. The Bills of Exchange Act is a Canadian law that does not apply here. See Sabrina v. Scott Credit Union, Case No. 23-CV-03611, 2023 WL 8470105, at *1 (S.D. Ill. Dec. 7, 2023). Thus, Plaintiff's claims under this foreign law are invalid and will be **DISMISSED WITH PREJUDICE**.

- Plaintiff asserts a claim under 12 U.S.C. §1341. No such section exists. Plaintiff acknowledges in the response (Doc. 23) that it does not exist. Accordingly, any claim alleged to be under 12 U.S.C. §1341 is **DISMISSED WITH PREJUDICE**.

- Plaintiff claims a violation of the Federal Trade Commission Act (15 U.S.C. §45 et seq.) and the Federal Reserve Act (12 U.S.C. §501 et seq.). No private right of action exists under either Act. *See* 15 U.S.C. §45(m)(1)(A); *see Atlantic Refining Co. v. Federal Trade Comm'n,* 381 U.S. 357, 367 (1965) (no private right of action exists under the FCTA); *see also Marquette Cement Mfg. Co. v. Federal Trade Comm'n*, 147 F.2d 589, 594 (7th Cir. 1945); *see Colemon v. Marshall & Ilsley Bank*, No. 06-C-0852, 2007 WL 4305604, at *4 (E.D. Wis. Dec. 7, 2007) (a private citizen has no standing to sue under the FRA). Therefore, Plaintiff's claims under the Federal Trade Commission Act and the Federal Reserve Act are **DISMISSED WITH PREJUDICE**.

- Plaintiff asserts a claim under 18 U.S.C. §242 which is a criminal statute for deprivation of rights under color of law. There is no private right of action under federal criminal statutes. *See Israel Aircraft Industries, Ltd., v. Sanwa Business Credit Corporation*, 16 F.3d 198, 200 (7th Cir. 1994). Thus, Plaintiff's claims under 18 U.S.C. §242 are **DISMISSED WITH PREJUDICE**.

- Plaintiff alleges violations of her civil rights under 42 U.S.C. §1983. However, as Plaintiff concedes in the response brief, such a claim can only be brought against a "state actor" and not a private corporation. *See D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015). Accordingly, Plaintiff's claims under 42 U.S.C. §1983 are **DISMISSED WITH PREJUDICE**.

- Plaintiff claims that Capital One violated 42 U.S.C. §2000a. Plaintiff concedes in the response brief that no such claim will be brought or referenced. Thus, Plaintiff's claims under 42 U.S.C. §2000a are **DISMISSED WITH PREJUDICE**.

- Plaintiff alleges violations of the Fair Credit Reporting Act to report accurate information. 15 U.S.C. §1681s-2(a). No private right of action to enforce a bank's duties under §1681s-2(a) to furnish accurate information to the reporting agency exists. *See Lang v. TCF Nat. Bank*, 338 F. App'x 541, 544 (7th Cir. 2009). Section 1681s-2(c) specifically exempts violations of §1681s-2(a) from private civil liability. *Id*. Therefore, Plaintiff's claims under the Fair Credit Reporting Act 15 U.S.C. §1681s-2(a) are **DISMISSED WITH PREJUDICE**.

Beyond those claims mentioned above, Defendants generally seek dismissal of Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted.[1] *See* Fed. R. Civ. Pro. 12(b)(6). Under Rule 12(b)(6), a Complaint is subject to dismissal if it does not contain sufficient factual matter, that when accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory statements and bare recitation of the elements of a cause of action are insufficient. *Twombly*, 550 U.S. at 555.

A Complaint must also satisfy the requirements of Federal Rules of Civil Procedure 8(a) and 10. *See* Fed. R. Civ. Pro. 8(a) and 10. Under these Rules, dismissal is warranted if the Complaint is confusing and makes it difficult for the defendant to file a responsive pleading and/or makes it difficult for the trial court to conduct orderly litigation. *See Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-776 (7th Cir. 1994). *Pro se* plaintiffs are not excused

---

[1] The remaining claims include: violation of the Federal Home Loan Bank Act, violation of the Fair Debt Collection Practices Act, violation of the Truth in Lending Act, violation of the Equal Credit Opportunity Act, and violation of the Securities Exchange Act.

from meeting these basic pleading requirements. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

Here, Plaintiff's Amended Complaint asserting violations of the Federal Home Loan Bank Act, Fair Debt Collection Practices Act, Truth in Lending Act, Equal Credit Opportunity Act, and the Securities Exchange Act fails to meet the above-referenced pleading standards and fails to state actionable claims. Plaintiff's allegations are narrative conclusory statements, which are difficult, if not impossible, for Defendants to respond to. Plaintiff has not separated her distinct claims or causes of action into separate counts, and she has failed to separate allegations of each count into separate numbered paragraphs. *See* Fed. R. Civ. Pro. 10; *see Frederiksen v. City of Lockport*, 384 F.3d 437 (7th Cir. 2004) (district court is within its discretion in dismissing complaint when plaintiff does not separate allegations into numbered paragraphs, and distinct claims into counts).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 19) is **GRANTED**. Plaintiff's Amended Complaint (Doc. 8) is **DISMISSED WITH PREJUDICE** as it relates to any claims against Defendant Richard D. Fairbank and the claims against Capital One Financial Corporation under the Bills of Exchange Act; 12 U.S.C. §1341; the Federal Trade Commission Act; the Federal Reserve Act; 18 U.S.C. §242; 42 U.S.C. §1983; 42 U.S.C. §2000a; and, the Fair Credit Reporting Act; the Amended Complaint is **DISMISSED WITHOUT PREJUDICE** as to the claims against Capital One Financial Corporation under the Federal Home Loan Bank Act, Fair Debt Collection Practices Act, Truth in Lending Act, Equal Credit Opportunity Act, and the Securities Exchange Act

Plaintiff is granted leave to file a Second Amended Complaint consistent with the instructions set forth in this Order within 30 days. Should Plaintiff fail to do so, this case will be dismissed with prejudice.

**IT IS SO ORDERED.**

**DATED:  June 28, 2024**

_____
**STACI M. YANDLE**
**United States District Judge**