**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ARCHIBALD SABRINA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-cv-2798-SMY** |
| | ) | |
| **CAPITAL ONE FINANCIAL** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Sabrina Archibald filed this *pro se* action against Capital One Financial Corporation ("Capital One"). In the Second Amended Complaint, Plaintiff asserts claims against Capital One for breach of trust, breach of fiduciary duties, securities fraud, defamation, and conversion (Doc. 42).

Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is now before the Court (Doc. 43). Plaintiff opposes the motion (Doc. 45) and has also filed a Motion to Strike Defendant's Motion to Dismiss (Doc. 44), which Defendant opposes (Doc. 47). Plaintiff filed a Reply in support of her Motion to Strike (Doc. 48). For the following reasons, Plaintiff's Motion to Strike is **DENIED** and Defendants' Motion to Dismiss is **GRANTED**.

## DISCUSSION

### Motion to Strike (Doc. 44)

Federal Rule of Civil Procedure 12(f) applies to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f).

However, a motion to dismiss is **not** a pleading.  *See* Fed. R. Civ. P. 7(a); *see generally Mellon Bank, N.A. v. Ternisky*, 999 F.2d 791, 795 (4th Cir. 1993); see also *Colgan v. Carey*, No. 94 C 5151, 1995 WL 642790, at *3 (N.D. Ill. Oct. 27, 1995) *citing Heise v. Olympus Optical Co., Ltd.*, 111 F.R.D. 1, 4 (N.D. Ind. 1986).  Thus, Plaintiff's Rule 12(f) motion to strike is an improper vehicle for challenging Capital One's motion to dismiss and is therefore **DENIED**.

### Motion to Dismiss (Doc. 43)

Under Federal Rules of Procedure 12(b)(6), a Complaint is subject to dismissal if it does not contain sufficient factual matter, that when accepted as true, states a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conclusory statements and bare recitation of the elements of a cause of action are insufficient.  *Twombly*, 550 U.S. at 555.  Further, under Rules 8(a) and 10, dismissal is warranted if the Complaint is confusing and makes it difficult for the defendant to file a responsive pleading and/or makes it difficult for the trial court to conduct orderly litigation.  *See Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-776 (7th Cir. 1994).  While a *pro se* document is "to be liberally construed," p*ro se* plaintiffs are not excused from meeting these basic pleading requirements.  *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Liberally construing the facts as pled by Plaintiff, the Court gathers that Plaintiff had a Retail Installment Contract with Enterprise Car Sales for the purchase of a 2021 Nissan Rogue that was assigned to Capital One to finance $38,928.46 at 8.25% for 72 months.  Plaintiff claims that Capital One provided no consideration for the transaction set forth in the Retail Installment Contract and has otherwise breached various duties and obligations owed to her.

### Count I – Breach of Trust

Plaintiff alleges that a constructive trust relationship exists between her and Capital One; and, that Capital One has failed to act on her instructions to "allocate the trust assets." When a trust is created, a trustee owes a fiduciary duty to the beneficiaries of the trust and must carry out the trust according to its terms. *Kagan v. Waldheim Cemetery Co.*, 2016 IL App (1st) 131274, ¶31. A trust may be implied in situations in which a court imposes a constructive trust as an equitable remedy to redress unjust enrichment when there has been a breach of fiduciary relationship, fraud, duress, coercion, or mistake. *Jackson v. Callan Publishing, Inc.*, 2021 IL App (1st) 191456, ¶203.

Here, Plaintiff has failed to plead facts suggesting that a trust existed between her and Capital One, let alone that Capital One was her trustee and owed any duty to her. The Retail Installment Contract entered in to by Plaintiff and assigned to Capital One does not indicate any element of an express or constructive trust, nor does it demonstrate an intention to create a trust, appoint Capital One as a trustee, or specify a trust purpose or how a trust is to be performed. Moreover, the facts alleged do not suggest that Capital One was unjustly enriched from any breach of a fiduciary relationship, fraud, duress, coercion, or mistake. As such, Capital One's motion is **GRANTED** as to Count I of Plaintiff's Second Amended Complaint.

### Count II – Breach of Fiduciary Duty

To state a cause of action for a breach of fiduciary duty, a plaintiff must allege (1) the defendant had a fiduciary duty, (2) the defendant breached the duty, (3) the plaintiff suffered damages, and (4) the defendant's breach proximately caused the plaintiff's damages. *Kagan,* 2016 IL App (1st) 131274, ¶31. While somewhat unclear, it appears that Plaintiff is claiming that Capital One's fiduciary duty arose from its alleged position as trustee of an implied constructive trust.

Plaintiff cannot assert a colorable claim based on a fiduciary duty arising from Capital One's position as trustee of an implied constructive trust because, as previously noted, she has not pled sufficient facts to allege that such a trust existed. Nor do her factual allegations identify any other fiduciary duty Capital One owed to her or in what way Capital One breached that fiduciary duty. Capital One's motion is **GRANTED** as to Count II of Plaintiff's Second Amended Complaint.

### *Count III – Securities Fraud*

Plaintiff Claims that Capital One misrepresented to her that the Retail Installment Contract was a loan instead of a traded security interest. To state a claim under §10(b) of the Securities Exchange Act and Rule 10b-5, a plaintiff must allege that the defendant "(1) made a misstatement or omission, (2) of material fact, (3) with scienter, (4) in connection with the purchase or sale of securities, (5) upon which the plaintiff relied, and (6) that reliance proximately caused plaintiff's injuries." *In re HealthCare Compare Corp. Securities Litig.*, 75 F.3d 276, 280 (7th Cir. 1996). Relatedly, pursuant to the Private Securities Litigation Reform Act ("PSLRA"), a plaintiff must not only plead a particular violation but must also marshal sufficient facts to convince a court at the outset that the defendants likely intended "to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 194 (1976).

Here, Plaintiff's allegations do not satisfying the necessary elements to assert a private securities fraud claim against Capital One. First, Plaintiff has not pleaded facts indicating that the Retail Installment Contract is a financial asset or security subject to a claim for private securities fraud. Even if the Court assumes for the sake of analysis that a Retail Installment Contract is a valid security, Plaintiff does not allege that a security was ever bought or sold – a required element for private securities fraud. *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809-810

(2011). Further, Plaintiff fails to adequately detail the alleged deceptive, manipulative or fraudulent misstatements or omissions by Capital One in sufficient detail to suggest that Capital One intended any sort of deception, manipulation, or fraudulent behavior. In sum, Plaintiff's conclusory statements and allegations are insufficient to state a viable private securities fraud claim. Capital motion to dismiss is **GRANTED** as to Count III of Plaintiff's Second Amended Complaint.

### *Count IV – Defamation*

Plaintiffs' asserts a claim for defamation against Capital One for information provided to the three consumer reporting agencies showing that the account was closed and was charged off as bad debt. The Fair Credit Reporting Act generally preempts state common law defamation claims. *See* 15 U.S.C. §1681h. An exception exists for "…false information furnished with malice or willful intent to injure such consumer." *Id.* To constitute "malice" or "willful intent to injure", a statement must be made with "knowledge that it was false or with reckless disregard of whether it was false or not." *See Thornton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir. 1980) *quoting New York Times v. Sullivan*, 376 U.S. 254, 279-280 (1964).

Plaintiff alleges that Capital One reported inaccurate information to the three consumer credit reporting agencies. She does not allege, however, that Capital One furnished false information, or that it furnished information to the credit reporting agencies with malice or willful intent to injure Plaintiff or with reckless disregard for whether the information reported was true or false. She merely alleges that "Defendant's conduct was done willfully." This conclusory statement alone does not satisfy the pleading requirements necessary to state a colorable defamation claim. Therefore, Capital One's motion to dismiss IV of Plaintiff's Second Amended Complaint is **GRANTED**.

*Count V – Conversion*

Plaintiff's asserts a claim for conversion based on Capital One's refusal to release the interest held in the account to Plaintiff. To state a claim for conversion under Illinois law, a plaintiff must plead facts suggesting: (1) they have a right to the property at issue; (2) they have an absolute and unconditional right to the immediate possession of the property; (3) that they made a demand for possession; and, (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Stevens v. Interactive Financial Advisors, Incorporated*, 830 F.3d 735, 738 (7th Cir. 2016).

Like much of the Second Amended Complaint, Plaintiff's allegations in Count V are vague and conclusory and do not sufficiently allege that Plaintiff has an absolute and unconditional right to the immediate possession of the interest in question, or that Capital One wrongfully and without authorization has maintained control over that property. Thus, she has failed to state a claim for which relief can be granted. Capital One's motion to dismiss is **GRANTED** as to Count V of Plaintiff's Second Amended Complaint as well.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike (Doc. 44) is **DENIED**. Defendant's Motion to Dismiss (Doc. 43) is **GRANTED** in its entirety. Plaintiff's Second Amended Complaint (Doc. 42) is **DISMISSED WITHOUT PREJUDICE.** Plaintiff's Motion for Summary Judgment (Doc. 50) is **TERMINATED AS MOOT**.

Plaintiff will be given one final opportunity to plead viable claims in this case. Plaintiff is granted leave to file a Third Amended Complaint consistent with the Court's Orders within 30 days of the entry of this Order. Should Plaintiff fail to do so, this case will be dismissed with prejudice.

**IT IS SO ORDERED.**

**DATED:  March 27, 2025**

_____
**STACI M. YANDLE**
**United States District Judge**