IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARCHIBALD SABRINA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-2798-SMY |
| | ) |
| CAPITAL ONE FINANCIAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Archibald Sabrina filed this *pro se* action against Capital One Financial Corporation[1] ("Capital One") on October 4, 2023 (Doc. 3). Following the filing and dismissal of multiple amended complaints, the Court granted Plaintiff one final opportunity to plead viable claims in a Third Amended Complaint. Doc. 54.

Now before the Court is Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 59), Plaintiff's Motion for Judicial Notice of certain filings with the Securities and Exchange Commission ("SEC") (Doc. 60), and Plaintiff's Motion to Strike and for Sanctions (Doc. 62). For the following reasons, Plaintiff's Motion for Judicial Notice (Doc. 60) and Motion to Strike/for Sanctions (Doc. 62) are **DENIED**, and Defendant's Motion to Dismiss (Doc. 59) is **GRANTED**.

---

[1] Defendant states this name is incorrect and that its proper name is Capital One Auto Finance. Doc. 59 at 1. For simplicity, the Court will refer to Defendant as "Capital One."

## Background

Plaintiff makes the following allegations in the Third Amended Complaint: Plaintiff entered into an installment sales contract with Enterprise Car Sales for the purchase of a used vehicle on April 6, 2023, and that this contract was assigned to Defendant Capital One. Doc. 55 ¶ 5. The sales contract reflects the total cost of the vehicle was $49,547, inclusive of interest and fees, to be made in 72 monthly payments of $589.55. Doc. 55-1 at 2. Plaintiff alleges she sent Defendant several documents between April 18 and May 2, 2023, including a "Notice of Claim" directing Defendant to "apply her promissory note toward setoff," a "Notice of Opportunity to Cure," and a "Notice of Default for nonperformance." Doc. 55 ¶ 6-7.[2] On May 1, 2023, Capital One responded to these documents by sending Plaintiff a written "Validation of Debt" denying her allegations and confirming the balance of her account, which it stated was "-23 days past due."[3] Doc. 55-1 at 22.

On May 17, 2023, Capital One sent Plaintiff a notice stating her account was paid in full, followed by a separate notice stating that, as of May 15, 2023, Capital One "hereby release[s] the lien" and "no longer claims a security interest" in the vehicle. *Id.* ¶ 8-9; Doc. 55-1 26-28. Despite this, Capital One later issued notices of default on July 5 and July 24, 2023, stating that no payment had been made on Plaintiff's account, which was then 64 days overdue. Doc. 55-1 at 32-34. Plaintiff's account was closed on September 30, 2023. Doc. 55 ¶ 11.

Plaintiff was later denied credit from PNC Bank on October 31, 2023, and Klarna on November 9, 2024, due to poor credit history. Doc. 55-1 at 53-55. On December 20, 2024,

---

[2] Notably, Plaintiff does not allege she ever made a payment towards her installment contract.
[3] The negative value is likely due to the fact that, per the terms of the installment contract, Plaintiff's first payment was not actually due until May 21, 2023. Doc. 55-1 at 2. Capital One sent a separate notice on May 2, 2023, confirming a May 21, 2023 due date. *Id.* at 24. The Court thus assumes the portion of the May 1, 2023 Notice stating Plaintiff's account was overdue was issued in error.

Plaintiff sent Defendant an "Opt-Out Notice" requesting Defendant cease reporting inaccurate/negative credit information to third parties, asserting Defendant was violating several federal statutes and threatening to impose Plaintiff's "fee schedule" for each violation. *Id.* at 36. Plaintiff filed a dispute with the Consumer Financial Protection Bureau ("CFPB") on January 2, 2025, to which Defendant responded two weeks later. Doc. 55 ¶ 13. Plaintiff also disputed her credit report with all three major credit reporting bureaus in January of 2025. *Id.* ¶ 14. Capital One responded to these disputes by confirming the disputed information was accurate, but that information unrelated to Plaintiff's disputes had been found to be inaccurate and was updated accordingly. Doc. 55-1 at 44-45.

Based on these allegations, Plaintiff asserts the following claims against Capital One: Violation of the Fair Credit Reporting Act ("FCRA"), violation of the Fair Debt Collection Practices Act ("FDCPA"), violation of the Truth in Lending Act ("TILA"), common-law conversion, and a claim for declaratory relief. Doc. 55 ¶ 17-23.

## Discussion

### Plaintiff's Motion for Judicial Notice (Doc. 60)

Plaintiff asks the Court to take notice of certain SEC filings stating that Capital "sells motor vehicle retail installment sale contracts to the depositor who in turn transfers them to the Trust." Doc. 60 at 2. Pursuant to Federal Rule of Evidence 201(b), courts may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evidence 201(b). However, even uncontested facts that meet the standard of Rule 201(b) must satisfy the relevancy requirement of Rule 401, which provides that evidence is relevant if "(a) it has any tendency to make a fact more or less

probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evidence 401; *Physicians Healthsource, Inc. v. Allscripts Health Sols., Inc.*, 244 F. Supp. 3d 716, 718 (N.D. Ill. 2017) ("[T]he information sought to be noticed must be relevant within the meaning of Rule 401.").

Here, although Capital One does not dispute the accuracy of the SEC filings in question, Plaintiff offers no explanation as to how the information within the filings is relevant to any of her claims. None of Plaintiff's asserted claims in the Third Amended Complaint mention Capital One's practice of securitizing installment contracts, and evidence of such practices does not make any fact alleged by Plaintiff more or less likely to be true. Accordingly, Plaintiff's Motion for Judicial Notice (Doc. 60) is **DENIED**.

### Plaintiff's Motion to Strike/Motion for Sanctions (Doc. 61)

Plaintiff moves to strike certain statements in Defendant's Motion to Dismiss pursuant to FRCP 12(f), but as the Court previously explained to Plaintiff, "a motion to dismiss is **not** a pleading." (Doc. 54 at 2) (emphasis in original). Separately, Plaintiff moves for sanctions pursuant to FRCP 11, asserting that Defendant concealed the securitization of her installment contract and falsely claimed the legal right as creditor to report or collect on her account. (Doc. 61 at 4). However, "lenders … are under no obligation to disclose that they may securitize a loan because doing so does not change the relationship between the creditor and debtor." *Talley-Smith v. Mission Lane, LLC*, No. 2:24-CV-259-PPS-APR, 2025 U.S. Dist. LEXIS 192309, at *13 (N.D. Ind. June 6, 2025). Accordingly, Plaintiff's Motion to Strike/for Sanctions (Doc. 61) is **DENIED**.

### Defendant's Motion to Dismiss (Doc.59)

Defendants seek dismissal of Plaintiff's Third Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP")

12(b)(6). Under Rule 12(b)(6), a Complaint is subject to dismissal if it does not contain sufficient factual matter, that when accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory statements and bare recitation of the elements of a cause of action are insufficient. *Id.* at 555.

A Complaint must also satisfy the requirements of Federal Rules of Civil Procedure 8(a) and 10. *See* Fed. R. Civ. Pro. 8(a) and 10. Under these Rules, dismissal is warranted if the Complaint is confusing and makes it difficult for the defendant to file a responsive pleading and/or makes it difficult for the trial court to conduct orderly litigation. *See Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771, 775-776 (7th Cir. 1994). *Pro se* plaintiffs are not excused from meeting these basic pleading requirements. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

### *Count I – Violation of the FCRA*

In Count I of her Third Amended Complaint, Plaintiff alleges Capital One willfully and negligently failed to delete, correct, or modify inaccurate information from her credit report in violation of 15 U.S.C. § 1681s-2(b). Doc. 55 at 3. To state a claim under 1681s-2(b), Plaintiff must allege: (1) a furnisher of credit information provided incomplete or inaccurate information, and (2) the incompleteness or inaccuracy was the product of an unreasonable investigation. *Frazier v. Dovenmuehle Mortg., Inc.*, 72 F.4th 769, 775 (7th Cir. 2023).

Plaintiff alleges Defendant failed to conduct a reasonable investigation after she disputed her credit report with the three major credit agencies and failed to correct the inaccurate information. Doc. 55 ¶ 17-18. Although Plaintiff does not specify what the inaccurate information was, taking the pleadings in the Third Amended Complaint as a whole and construing them

liberally, Plaintiff appears to allege that Defendant's reporting of her account as delinquent was inaccurate. Reading these allegations in isolation and accepting them as true, it would appear Plaintiff has satisfied the relevant pleading standard.

However, several documents appended to Plaintiff's Complaint directly contradict these allegations. Although Plaintiff alleges Defendant informed her that her account had been paid in full, she never alleges she made a single payment. Instead, she alleges she sent several "notices" before her first payment was due. *Id.* ¶ 6-7. These notices repeat the same language instructing Capital One's CFO to "apply the full amount of the Principals balance (Finance Charges) to the Principals account number [] immediately for full set-off." Doc. 55-1 at 6, 14, 16. None of the notices make any mention of a payment being made, or otherwise indicate that a payment ever would be made.

As Defendant points out, the documents attached to Plaintiff's Complaint all bear the hallmarks of the "redemption theory" of sovereign citizen ideology. Common features specific to this "redemption theory" is the belief that the federal government, by abandoning the gold standard in 1933, established a system in which individual citizens' future earnings are used as collateral to secure public debt. *United States v. Anzaldi*, 800 F.3d 872, 875 (7th Cir. 2015). Proponents of this theory believe, as Plaintiff appears to, that their names when rendered in all caps (as they are on Social Security cards and birth certificates) represent a distinct legal entity,[4] created through "contract" between the living person and the federal government, under whose name an account with the U.S. Treasury is created containing a large balance of Federal Reserve notes.[5]  Sovereign

---

[4] In Plaintiff's exhibits, she repeatedly refers to herself as "Sabrina Archibald, agent of SABRINA ARCHIBALD," *see generally* Doc. 55-1, as is common with pro se plaintiffs subscribing to sovereign citizen beliefs. *Bey v. Indiana*, 847 F.3d 559, 560-61 (7th Cir. 2017) ("Many sovereign citizen organizations teach that whenever a [citizen]'s name is spelled in capital letters in a government document, the name identifies not the individual but instead his 'corporate shell identity,' or in other words a 'straw man' controlled by the government.")

[5] *See Sovereign Citizens Movement*, SOTHERN POVERTY LAW CENTER (last accessed November 21, 2025) https://www.splcenter.org/resources/extremist-files/sovereign-citizens-movement/ ("Sovereigns say that the

citizens believe they can, through "bills of exchange," request advances from these accounts to "offset" their debts. *Id.*

The Court need not expend any time disproving these beliefs -- these theories have been categorically rejected by federal courts across the country and cannot serve as the basis of a valid claim. *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("[Sovereign citizen] theories should be rejected summarily, however they are presented."). Plaintiff's exhibits contradict her allegations that Capital One incorrectly reported her account delinquent. "When an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

The Court acknowledges that Defendant appears to have sent inaccurate and conflicting notices to Plaintiff regarding her account; at one point informing her that her loan had been "paid in full" and that it released the lien on her vehicle. Doc. 55-1 at 26-28. However, stating a claim under § 1681s-2(b) requires more than alleging that inaccurate information was reported at some point. The allegations must suggest the inaccuracies remained as the result of an unreasonable investigation in response to a consumer's dispute. *Frazier*, 72 F.4th at 775. The correspondence Plaintiff attaches as Exhibit R shows that Capital One corrected inaccurate information in response to Plaintiff's dispute. Doc. 55-1 at 43-45. Indeed, the corrected information shows that Plaintiff's account was opened in April of 2023, the account became overdue after Plaintiff missed her first payment in May, no payment was ever received, and the account was written off as a loss as of September of the same year. *Id.* at 45. This information is consistent with Plaintiff's failure to allege she made a payment on her account.

---

government then uses that birth certificate to set up a corporate trust in the baby's name — a secret U.S. Treasury account — that it funds with amounts ranging from $600,000 to $20 million, depending on the particular variant of the sovereign belief system.")

Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss (Doc. 59) as to Count I of the Third Amended Complaint.

### *Plaintiff's Remaining Claims*

Plaintiff's remaining claims are facially invalid and do not require discussion at length. In Count II of the Third Amended Complaint, Plaintiff claims Capital One violated the FDCPA. Doc. 55 ¶ 19-20. However, that Act only applies to "the debt collection activities of a third party who is collecting a debt owed to another[.]" *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477, 482 n.3 (7th Cir. 1997). Here, Capital One was attempting to collect a debt on its own behalf. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Count II of the Third Amended Complaint.

In Count III, Plaintiff alleges "Defendant issued inconsistent and misleading disclosures concerning the due date and interest," thereby violating TILA. Doc. 55 ¶ 21. However, the sales agreement, which Plaintiff attaches as Exhibit A, states that the due date for each payment would be the 21st of each month beginning May 21, 2023. Doc. 55-1 at 2. This is the same initial due date reflected in subsequent communication and Plaintiff's credit report. *Id.* at 24, 44-46. Regarding the interest, nowhere in the Complaint or attached exhibits does Plaintiff allege that the 5.25% rate listed in the sales agreement was inaccurate or misleading. This bald assertion that the disclosed interest rate was misleading, with no supporting facts alleged, does not satisfy the pleading standard set by *Twombly*. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Count III of the Third Amended Complaint.

In Count IV, Plaintiff asserts a claim for conversion, alleging Defendant "wrongly exercised dominion over Plaintiff's property" by treating her "promissory note as an asset." Doc. 55 ¶ 22. Although Plaintiff offers no further explanation, the Court assumes "promissory note" is

a reference to the "Notice of Claim" Plaintiff initially sent to Defendant. In Count V, Plaintiff seeks declaratory relief that her debt to Defendant is satisfied and that Defendant's credit reporting is false. *Id.* ¶ 23-24. Both claims are based on the same sovereign citizen ideology as Plaintiff's FCRA claim. As previously explained, Plaintiff's "notices" have no monetary value and thus can neither satisfy her debts nor serve as the basis of a conversion claim. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss Counts IV and V of the Third Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 59) is **GRANTED**. As it is clear at this juncture that any attempt by Plaintiff to state a viable claim would be futile, the Third Amended Complaint (Doc. 55) is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

**DATED:  November 24, 2025.**

_____
**STACI M. YANDLE**
**United States District Judge**