**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ARCHIBALD SABRINA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 23-cv-2798-SMY** |
| | ) | |
| **CAPITAL ONE FINANCIAL** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Pending before the Court are pro se Plaintiff Sabrina Archibald's Motion to Alter or Amend Judgment pursuant to Rule 59(e) (Doc. 69) and Motion for Leave to File Supplement (Doc. 71). For the following reasons, Plaintiff's motions are **DENIED.**

## Motion to Supplement

Plaintiff seeks leave to supplement her Rule 59(e) motion to address "equitable dimensions of the case that remain unresolved" (Doc. 71). The proposed document largely repackages arguments already made in the underlying motion and Plaintiff's response to Defendant's motion to dismiss. Accordingly, the motion is **DENIED**.

## Motion to Alter Judgment

Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (quoting *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006)). Manifest error refers to "the wholesale disregard, misapplication, or failure to recognize

controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). Motions for reconsideration are not appropriate vehicles for re-litigating arguments the Court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007).

Plaintiff argues it was clear error for the Court to treat certain exhibits attached to her Complaint as dispositive at the motion to dismiss stage, and that any ambiguity in the exhibits should have been construed in her favor. "An attached exhibit of unquestioned veracity that contradicts an allegation in a complaint overrides that allegation if … the complaint refers to the subject of the exhibit and that subject is central to the claim." *Johnson v. Carrington Mortg. Servs.*, 638 F. App'x 523, 525 (7th Cir. 2016). Plaintiff's attached documents, to which her operative complaint referred several times, showed that the notices she claimed "offset" her account had no legal effect and that she had in fact never made a payment on her account. As such, the exhibits contradicted Plaintiff's allegations that Defendant's reporting of her account as delinquent was inaccurate.

Similarly, Plaintiff argues the Court failed to address her allegations that Defendant had previously issued a notice stating her account was "paid in full," which Plaintiff asserts support her claim under 15 U.S.C. § 1681s-2(b). However, the Court acknowledged that "Defendant appears to have sent inaccurate and conflicting notices … informing her that her loan had been 'paid in full'" (Doc. 67 at 7). As the Court explained however, these alleged inaccuracies do not support a claim under § 1681s-2(b). Defendant's representation that the account had been paid in full was included in a piece of correspondence sent to Plaintiff, not information furnished to credit reporting agencies. Moreover, attached exhibits show that Defendant had corrected inaccurate

information in response to Plaintiff's written dispute and currently reports that no payment was ever made on the account, consistent with Plaintiff's own allegations.

Plaintiff also contends the Court committed an error of law by holding she did not state a claim under the Truth in Lending Act because her Complaint alleged she had submitted written requests to Defendant pursuant to § 1641(f)(2) only for these requests to be ignored. Plaintiff made no such allegations in her Third Amended Complaint, and she may not do so for the first time in a motion under Rule 59(e). *Sigsworth*,487 F.3d at 512.

Finally, Plaintiff argues it was error to dismiss her Complaint with prejudice because further amendment was not futile. Plaintiff was granted leave to amend three times and failed to cure the deficiencies identified by the Court. While pro se litigants are entitled to liberal construction of their pleadings, they are not entitled to "infinite opportunities to amend." *Gunawardana v. Am. Veterinary Med. Ass'n*, 2021 U.S. App. LEXIS 31941, at *11 (7th Cir. Oct. 25, 2021).

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Supplement (Doc. 71) and Motion to Amend or Alter Judgment (Doc. 69) are **DENIED.**

**IT IS SO ORDERED.**

**DATED: September 8, 2026**



**STACI M. YANDLE**
**Chief U.S. District Judge**